IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRANDON COOK, et al.,

    Petitioners,

  v.

THE KINGDOM OF SAUDI ARABIA, et al.,

    Respondents.

No. C 10-4625 SBA (PR)

**ORDER OF DISMISSAL; DENYING PETITIONER COOK'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTION FOR CLASS CERTIFICATION; AND TERMINATING ALL PENDING MOTIONS**

## BACKGROUND

The instant case was commenced on October 13, 2010, when Petitioner Brandon Cook, a prisoner proceeding pro se and currently incarcerated at the Lee Correctional Institution in Bishopville, South Carolina, filed, on behalf of himself and more than forty other prisoners, a handwritten document, which includes a partially completed habeas petition form, mostly indicating for the Court to "see attached documents." (Pet. at 1-24.) In his attached handwritten documents, Petitioner Cook refers to his previous purported class action cases before District Judge Maxine M. Chesney -- Case Nos. C 08-5291 MMC (PR) and C 10-1105 MMC (PR) -- both filed by his co-petitioner, Lawrence L. Crawford.

In and Order dated December 4, 2008 in Case No. C 08-5291 MMC (PR), Judge Chesney transferred the habeas corpus action Petitioner Crawford filed on behalf of himself, Petitioner Cook, and "more than forty other South Carolina prisoners, as well as all California prisoners who have been convicted pursuant to an indictment." (Dec. 4, 2008 Order in Case No. C 08-5291 MMC (PR) at 1.) Judge Chesney found that, because Petitioner Crawford was confined in South Carolina, then "venue [was] proper in the District of South Carolina, not the Northern District of California." (Id. at 1-2 (citing 28 U.S.C. § 121).) Judge Chesney also stated: "Such venue considerations apply equally to any putative class member convicted and confined in South Carolina. Moreover the December 4, 2008 Order also stated: "[Petitioner Crawford]'s conclusory allegation that he is pursuing this action on behalf of all California prisoners convicted pursuant to indictment does not

suffice to establish venue in the Northern District.[1]" (Id. at 2 (footnote in original).) Therefore, Case No. C 08-5291 MMC (PR) was transferred to the United States District Court for the District of South Carolina. Thereafter, Petitioner Crawford filed a notice of appeal. On August 20, 2009, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. The mandate was issued on September 11, 2009.

The record shows that Petitioner Crawford filed another habeas petition in this Court on March 15, 2010, in Case No. C 10-1105 MMC (PR). On April 23, 2010, Judge Chesney dismissed Case No. C 10-1105 MMC (PR) without prejudice for failure to pay the filing fee or file a completed in forma pauperis (IFP) application. After the case was dismissed, Petitioner Crawford filed several motions by which he sought to have the Court reopen the action and rule on his IFP status based on an IFP application he filed subsequent to dismissal of the case. Additionally, Petitioner Crawford sought to have the instant action proceed as a class action on behalf of himself and his more than forty co-Petitioners. In an Order dated September 22, 2010, Judge Chesney denied his motions and explained that he was "not precluded from filing a new action that include[d] a completed, timely-filed IFP application." (Sept. 22, 2010 Order in Case No. C 10-1105 MMC (PR) at 2.) Judge Chesney also addressed Petitioner Crawford's motion for recusal in the same Order, stating:

> In one of said filings (see Docket No. 16), petitioner also seeks an order of recusal, on the asserted ground that the Court's rulings were due to judicial bias against petitioner. Such allegations categorically fail to establish, under either 28 U.S.C. § 144 or 28 U.S.C. § 455, any basis for a determination that the Court's impartiality might reasonably be questioned, and, consequently, are insufficient as a matter of law. See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) (holding affidavit seeking recusal not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").

(Id. at note 2.)[2]

---

[1] The Court notes that a search of the U.S. Party/Case Index federal computer database shows that petitioner has filed cases similar or identical to the instant action in several district courts in states other than South Carolina, purporting to bring class actions on behalf of all prisoners in those states who have been convicted pursuant to an indictment.

[2] In the present action, Petitioner Cook and his co-Petitioners also seek an order of recusal, again referring to Judge Chesney's "conspir[ing] under color of authority to create a procedural default claim" in Case No. C 10-1105 MMC (PR). (Pet'r Cook Pet. at 6.) The Court assumes that they are seeking

2

On October 13, 2010, as mentioned above, Petitioner Cook filed the present action on behalf of himself, Petitioner Crawford, and more than forty other prisoners. Because Petitioner Cook attached the Court's habeas corpus petition form, the Clerk of the Court opened this action as a habeas corpus action. However, also on October 13, 2010, because Petitioner Cook's petition form was only partially completed, the Court directed him and his co-Petitioners to file completed petition forms as well as completed in forma pauperis (IFP) applications.

On November 16, 2010, Petitioner Cook filed a completed IFP application form (docket no. 4); however, his IFP documents were not filed with the Court until November 29, 2010 (docket no. 36). Thereafter, Petitioner Cook filed a completed habeas corpus petition form, which was marked as "received" by the Clerk on December 1, 2010.

Since this action commenced, Petitioner Crawford and the other co-Petitioners have also filed completed petition forms (which are all very similar to the one filed by Petitioner Cook), IFP applications, and several other pending motions.

**DISCUSSION**

Pro se prisoners are not adequate class representatives able to fairly represent and adequately protect the interests of the class, however, see Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, see Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class).

Accordingly, Petitioner Cook's request to proceed on behalf of Petitioner Crawford and the other named co-Petitioners in this action, which is construed as a motion for class certification, is DENIED, and the above-titled action is hereby DISMISSED without prejudice to Petitioner Cook filing a new action solely on his own behalf.

---

recusal of Judge Chesney on the asserted ground that her rulings in their previous filings were again due to judicial bias against them. For the same reasons stated in the above-referenced Sept. 22, 2010 Order in Case No. C 10-1105 MMC (PR), this Court finds such allegations in a motion for recusal fail to establish, under either 28 U.S.C. § 144 or 28 U.S.C. § 455, any basis for a determination that Judge Chesney's impartiality might reasonably be questioned, and, consequently, are insufficient as a matter of law. See Liteky, 510 U.S. at 555; Sibla, 624 F.2d at 868.

3

**CONCLUSION**

For the foregoing reasons, this present action is DISMISSED without prejudice to Petitioner Cook filing a new action solely on his own behalf. Each of the remaining co-Petitioners may also file new actions solely on their own behalf. Because the record contains some co-Petitioners' completed petitions and IFP applications, the Clerk of the Court shall return these documents to each respective co-Petitioner along with a copy of this Order. For those co-Petitioners who did not file a completed petition or IFP application, the Clerk shall send them each a blank habeas petition form and a blank IFP application along with a copy of this Order.

In light of the dismissal, Petitioner Cook's IFP application (docket no. 4) is DENIED.

The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Petitioner Cook's case. The Clerk shall terminate all pending motions (docket nos. 7, 9, 33, 44, 48, 49-73, 99, 101, 106-07, 122-26, 135-36, 149) as moot and close the file.

Lastly, the record shows that subsequent to dismissal of Case No. C 10-1105 MMC (PR), Petitioner Crawford and his co-Petitioners submitted numerous voluminous filings in that case. In the present case, as noted above, Petitioner Cook may not bring claims on behalf of others; instead, he and his co-Petitioners must file separate actions raising their claims. Accordingly, in the event that Petitioner Cook's co-Petitioners submit similar voluminous filings -- no further filings will be accepted in this action on behalf of any such individual(s), **and the Clerk is hereby directed henceforth to return to the sender any such document(s).**

This Order terminates Docket nos. 4, 7, 9, 33, 44, 48, 49-73, 99, 101, 106-07, 122-26, 135-36, and 149.

IT IS SO ORDERED.

DATED: September 30, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

<div style="float:left">United States District Court<br>For the Northern District of California</div>

```
 1  UNITED STATES DISTRICT COURT
    FOR THE
 2  NORTHERN DISTRICT OF CALIFORNIA

 3
    BRANDON COOK,
 4                                                    Case Number: CV10-04625 SBA
              Plaintiff,
 5                                                    CERTIFICATE OF SERVICE
       v.
 6
    KINGDOM OF SAUDI ARABIA et al,
 7
              Defendant.
 8                                               /

 9
    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10  Court, Northern District of California.

11  That on October 6, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12  envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
    located in the Clerk's office.
13

14

15  Brandon  Cook #338240
    Lee C.I. 990 Wisaeky HWY
16  SUM-N-1255
    Bishopville, SC 29010
17
    Casey  Lewis 259254
18  Broad River C.I. Murray
    4460 Broad River Rd.
19  Columiba, SC 29210

20  Christopher  Giroux 338028
    Lieber Correctional
21  P.O. Box 205
    Ridgeville, SC 29472
22
    Clarence  Chisolm 058272
23  Lieber Correctional Inst.
    P.O. Box 205
24  Ridgeville, SC 29474

25  Dexter  Crawford 231730
    LEE C.I.
26  990 Wisacky Hwy.
    Bishopville, SC 29010
27
    Edward  Welch 156337
28  Lieber Correctional Institution
    P.O. Box 205
```

G:\PRO-SE\SBA\CR.10\Cook4625.denyCLASS.wpd                 5

1  Ridgeville, SC 29472

2  Garrick Broadnax #333028
   McCormick C.I.
3  386 Redemption Way
   McCormick, SC 29899

4
   Houlon Dotson #188487
5  McCormick C.I.
   386 Redemption Way
6  McCormick, SC 29899

7  James Boone 336939
   T.C.I.
8  SB 255A
   P.O. Box 252
9  Turbeville, SC 29162

10 Jason Drew #301545
   Lee C.I.
11 990 Wisacky Hwy.
   Bishopville, SC 29010

12
   Jeffrey Freeman 240894
13 McCormick CI
   386 Redemption Way
14 McCormick, SC 29899

15 John Owens 165409
   McCormick CI
16 386 Redemption Way
   McCormick, SC 29899

17
   Kenyatta M. Jefferson #319684
18 McCormick Correctional Institute
   386 Redemption Way
19 McCormick, SC 29899

20 Lamont Cusack 318178
   E.C.I.
21 610 Hwy 9 West
   Bennettsville, SC 29512

22
   Larry Allen #102938
23 B.R.C.I. Cong. 145
   4460 Broad River Rd.
24 Columbia, SC 29210

25 Lawrence L. Crawford 300839
   McCormick Correctional Institution
26 386 Redemption Way
   McCormick, SC 29899

27
   Mondrecco Glenn
28 McCormick CI
   386 Redemption Way

**United States District Court**
For the Northern District of California

McCormick, SC 29899

Norris Smith #334335
McCormick C.I.
386 Redemption Way
McCormick, SC 29899

Reynaldo Gonzalez #332772
McCormick Correctional Institute
386 Redemption Way
McCormick, SC 29899

Stanley DeHart 336126
McCormick CI
386 Redemption Way
McCormick, SC

Steven Barnes #327117
Liebeier C.I.
P.O. Box 205
Ridgeville, SC 29472

Thomas B. Montgomery #084153
McCormick C.I.
386 Redemption Way
McCormick, SC 29899

Timothy Green 324607
LEE C.I.
990 Wisacky Hwy.
Bishopville, SC 29010

William Rush 298838
Allendale Correctional
P.O. Box 1151
Fairfax, SC 29827

Dated: October 6, 2011

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk