IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON COOK, et al.,<br><br>    Petitioners,<br><br>  v.<br><br>THE KINGDOM OF SAUDI ARABIA, et al.,<br><br>    Respondents. | No. C 10-4625 SBA (PR)<br><br>**ORDER OF DISMISSAL; DENYING PETITIONER COOK'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTION FOR CLASS CERTIFICATION; AND TERMINATING ALL PENDING MOTIONS** |

## BACKGROUND

The instant case was commenced on October 13, 2010, when Petitioner Brandon Cook, a prisoner proceeding pro se and currently incarcerated at the Lee Correctional Institution in Bishopville, South Carolina, filed, on behalf of himself and more than forty other prisoners, a handwritten document, which includes a partially completed habeas petition form, mostly indicating for the Court to "see attached documents." (Pet. at 1-24.) In his attached handwritten documents, Petitioner Cook refers to his previous purported class action cases before District Judge Maxine M. Chesney -- Case Nos. C 08-5291 MMC (PR) and C 10-1105 MMC (PR) -- both filed by his co-petitioner, Lawrence L. Crawford.

In and Order dated December 4, 2008 in Case No. C 08-5291 MMC (PR), Judge Chesney transferred the habeas corpus action Petitioner Crawford filed on behalf of himself, Petitioner Cook, and "more than forty other South Carolina prisoners, as well as all California prisoners who have been convicted pursuant to an indictment." (Dec. 4, 2008 Order in Case No. C 08-5291 MMC (PR) at 1.) Judge Chesney found that, because Petitioner Crawford was confined in South Carolina, then "venue [was] proper in the District of South Carolina, not the Northern District of California." (Id. at 1-2 (citing 28 U.S.C. § 121).) Judge Chesney also stated: "Such venue considerations apply equally to any putative class member convicted and confined in South Carolina. Moreover the December 4, 2008 Order also stated: "[Petitioner Crawford]'s conclusory allegation that he is pursuing this action on behalf of all California prisoners convicted pursuant to indictment does not

1  suffice to establish venue in the Northern District.[1]" (Id. at 2 (footnote in original).) Therefore,

2  Case No. C 08-5291 MMC (PR) was transferred to the United States District Court for the District

3  of South Carolina. Thereafter, Petitioner Crawford filed a notice of appeal. On August 20, 2009,

4  the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. The mandate was

5  issued on September 11, 2009.

6      The record shows that Petitioner Crawford filed another habeas petition in this Court on

7  March 15, 2010, in Case No. C 10-1105 MMC (PR). On April 23, 2010, Judge Chesney dismissed

8  Case No. C 10-1105 MMC (PR) without prejudice for failure to pay the filing fee or file a completed

9  in forma pauperis (IFP) application. After the case was dismissed, Petitioner Crawford filed several

10  motions by which he sought to have the Court reopen the action and rule on his IFP status based on

11  an IFP application he filed subsequent to dismissal of the case. Additionally, Petitioner Crawford

12  sought to have the instant action proceed as a class action on behalf of himself and his more than

13  forty co-Petitioners. In an Order dated September 22, 2010, Judge Chesney denied his motions and

14  explained that he was "not precluded from filing a new action that include[d] a completed, timely-

15  filed IFP application." (Sept. 22, 2010 Order in Case No. C 10-1105 MMC (PR) at 2.) Judge

16  Chesney also addressed Petitioner Crawford's motion for recusal in the same Order, stating:

> In one of said filings (see Docket No. 16), petitioner also seeks an order of recusal, on the asserted ground that the Court's rulings were due to judicial bias against petitioner. Such allegations categorically fail to establish, under either 28 U.S.C. § 144 or 28 U.S.C. § 455, any basis for a determination that the Court's impartiality might reasonably be questioned, and, consequently, are insufficient as a matter of law. See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) (holding affidavit seeking recusal not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").

23  (Id. at note 2.)[2]

---

[1] The Court notes that a search of the U.S. Party/Case Index federal computer database shows that petitioner has filed cases similar or identical to the instant action in several district courts in states other than South Carolina, purporting to bring class actions on behalf of all prisoners in those states who have been convicted pursuant to an indictment.

[2] In the present action, Petitioner Cook and his co-Petitioners also seek an order of recusal, again referring to Judge Chesney's "conspir[ing] under color of authority to create a procedural default claim" in Case No. C 10-1105 MMC (PR). (Pet'r Cook Pet. at 6.) The Court assumes that they are seeking

1   On October 13, 2010, as mentioned above, Petitioner Cook filed the present action on behalf
2   of himself, Petitioner Crawford, and more than forty other prisoners.  Because Petitioner Cook
3   attached the Court's habeas corpus petition form, the Clerk of the Court opened this action as a
4   habeas corpus action.  However, also on October 13, 2010, because Petitioner Cook's petition form
5   was only partially completed, the Court directed him and his co-Petitioners to file completed petition
6   forms as well as completed in forma pauperis (IFP) applications.

7   On November 16, 2010, Petitioner Cook filed a completed IFP application form (docket no.
8   4); however, his IFP documents were not filed with the Court until November 29, 2010 (docket no.
9   36).  Thereafter, Petitioner Cook filed a completed habeas corpus petition form, which was marked
10  as "received" by the Clerk on December 1, 2010.

11  Since this action commenced, Petitioner Crawford and the other co-Petitioners have also
12  filed completed petition forms (which are all very similar to the one filed by Petitioner Cook), IFP
13  applications, and several other pending motions.

14  **DISCUSSION**

15  Pro se prisoners are not adequate class representatives able to fairly represent and adequately
16  protect the interests of the class, however, see Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.
17  1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in
18  propria persona has no authority to represent anyone other than himself"), so class certification may
19  be denied on that basis, see Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class
20  certification on basis that pro se prisoner cannot adequately represent class).

21  Accordingly, Petitioner Cook's request to proceed on behalf of Petitioner Crawford and the
22  other named co-Petitioners in this action, which is construed as a motion for class certification, is
23  DENIED, and the above-titled action is hereby DISMISSED without prejudice to Petitioner Cook
24  filing a new action solely on his own behalf.

---

26  recusal of Judge Chesney on the asserted ground that her rulings in their previous filings were again due to judicial bias against them.  For the same reasons stated in the above-referenced Sept. 22, 2010 Order
27  in Case No. C 10-1105 MMC (PR), this Court finds such allegations in a motion for recusal fail to establish, under either 28 U.S.C. § 144 or 28 U.S.C. § 455, any basis for a determination that Judge
28  Chesney's impartiality might reasonably be questioned, and, consequently, are insufficient as a matter of law.  See Liteky, 510 U.S. at 555; Sibla, 624 F.2d at 868.

**CONCLUSION**

For the foregoing reasons, this present action is DISMISSED without prejudice to Petitioner Cook filing a new action solely on his own behalf. Each of the remaining co-Petitioners may also file new actions solely on their own behalf. Because the record contains some co-Petitioners' completed petitions and IFP applications, the Clerk of the Court shall return these documents to each respective co-Petitioner along with a copy of this Order. For those co-Petitioners who did not file a completed petition or IFP application, the Clerk shall send them each a blank habeas petition form and a blank IFP application along with a copy of this Order.

In light of the dismissal, Petitioner Cook's IFP application (docket no. 4) is DENIED.

The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Petitioner Cook's case. The Clerk shall terminate all pending motions (docket nos. 7, 9, 33, 44, 48, 49-73, 99, 101, 106-07, 122-26, 135-36, 149) as moot and close the file.

Lastly, the record shows that subsequent to dismissal of Case No. C 10-1105 MMC (PR), Petitioner Crawford and his co-Petitioners submitted numerous voluminous filings in that case. In the present case, as noted above, Petitioner Cook may not bring claims on behalf of others; instead, he and his co-Petitioners must file separate actions raising their claims. Accordingly, in the event that Petitioner Cook's co-Petitioners submit similar voluminous filings -- no further filings will be accepted in this action on behalf of any such individual(s), **and the Clerk is hereby directed henceforth to return to the sender any such document(s).**

This Order terminates Docket nos. 4, 7, 9, 33, 44, 48, 49-73, 99, 101, 106-07, 122-26, 135-36, and 149.

IT IS SO ORDERED.

DATED: September 30, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BRANDON COOK,

        Plaintiff,

  v.

KINGDOM OF SAUDI ARABIA et al,

        Defendant.

Case Number: CV10-04625 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 6, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brandon Cook #338240
Lee C.I. 990 Wisaeky HWY
SUM-N-1255
Bishopville, SC 29010

Casey Lewis 259254
Broad River C.I. Murray
4460 Broad River Rd.
Columiba, SC 29210

Christopher Giroux 338028
Lieber Correctional
P.O. Box 205
Ridgeville, SC 29472

Clarence Chisolm 058272
Lieber Correctional Inst.
P.O. Box 205
Ridgeville, SC 29474

Dexter Crawford 231730
LEE C.I.
990 Wisacky Hwy.
Bishopville, SC 29010

Edward Welch 156337
Lieber Correctional Institution
P.O. Box 205

G:\PRO-SE\SBA\CR.10\Cook4625.denyCLASS.wpd         5

**United States District Court**
For the Northern District of California

1  Ridgeville, SC 29472

2  Garrick Broadnax #333028
   McCormick C.I.
3  386 Redemption Way
   McCormick, SC 29899

4
   Houlon Dotson #188487
5  McCormick C.I.
   386 Redemption Way
6  McCormick, SC 29899

7  James Boone 336939
   T.C.I.
8  SB 255A
   P.O. Box 252
9  Turbeville, SC 29162

10 Jason Drew #301545
   Lee C.I.
11 990 Wisacky Hwy.
   Bishopville, SC 29010

12
   Jeffrey Freeman 240894
13 McCormick CI
   386 Redemption Way
14 McCormick, SC 29899

15 John Owens 165409
   McCormick CI
16 386 Redemption Way
   McCormick, SC 29899

17
   Kenyatta M. Jefferson #319684
18 McCormick Correctional Institute
   386 Redemption Way
19 McCormick, SC 29899

20 Lamont Cusack 318178
   E.C.I.
21 610 Hwy 9 West
   Bennettsville, SC 29512

22
   Larry Allen #102938
23 B.R.C.I. Cong. 145
   4460 Broad River Rd.
24 Columbia, SC 29210

25 Lawrence L. Crawford 300839
   McCormick Correctional Institution
26 386 Redemption Way
   McCormick, SC 29899

27
   Mondrecco Glenn
28 McCormick CI
   386 Redemption Way

1  McCormick, SC 29899

2  Norris Smith #334335
   McCormick C.I.
3  386 Redemption Way
   McCormick, SC 29899

4
   Reynaldo Gonzalez #332772
5  McCormick Correctional Institute
   386 Redemption Way
6  McCormick, SC 29899

7  Stanley DeHart 336126
   McCormick CI
8  386 Redemption Way
   McCormick, SC

9
   Steven Barnes #327117
10 Liebeier C.I.
   P.O. Box 205
11 Ridgeville, SC 29472

12 Thomas B. Montgomery #084153
   McCormick C.I.
13 386 Redemption Way
   McCormick, SC 29899

14
   Timothy Green 324607
15 LEE C.I.
   990 Wisacky Hwy.
16 Bishopville, SC 29010

17 William Rush 298838
   Allendale Correctional
18 P.O. Box 1151
   Fairfax, SC 29827

19
   Dated: October 6, 2011
20                                                Richard W. Wieking, Clerk
                                                  By: LISA R CLARK, Deputy Clerk
21

22

23

24

25

26

27

28